UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TARAS P. NYKORIAK, | |
| Plaintiff, | Case No. 21-cv-12227 |
| v. | U.S. District Court Judge |
| EXPERIAN INFORMATION SOLUTIONS, LLC, et al., | Gershwin A. Drain |
| Defendants. | |

**OPINION AND ORDER GRANTING RENT-A-CENTER EAST, INC.'S ("RAC") MOTION TO DISMISS AND COMPEL ARBITRATION (ECF No. 12), DENYING PLAINTIFF'S MOTION TO DEEM FACTS AS ADMITTED (ECF No. 17) AS MOOT WITH RESPECT TO RAC AND GREEN DOT CORPORATION, AND DENYING PLAINTIFF'S MOTION TO DEEM FACTS AS ADMITTED (ECF No. 17) WITH RESPECT TO LVNV FUNDING LLC**

**I.   INTRODUCTION**

On August 30, 2021, Plaintiff Taras P. Nykoriak filed a Complaint in the Wayne County Circuit Court against Defendants Experian Information Solutions,

1

LLC; Green Dot Corporation;[1] LVNV Funding LLC (erroneously sued as LVNV Funding AKA Resurgent Capital Management, hereinafter "LVNV"); Credit Collection Services, Inc.; and Rent-A-Center East, Inc. (erroneously sued as "Rent-A-Center, Inc." and "Acima Credit LLC," hereinafter "RAC") bringing claims for negligence, defamation, and negligent hiring, retention, supervision, and training, as well as for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, and the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, *et seq.* See ECF No. 1. The Defendants timely removed.[2]

Presently before the Court is RAC's Motion to Dismiss Complaint and Compel Arbitration. ECF No. 12. Plaintiff did not respond to RAC's Motion. Also before the Court is Plaintiff's Motion to Deem Facts as Admitted Against Rent-A-Center East, Inc., Rent-A-Center, Inc., Green Dot Corporation, LVNV Funding AKA Resurgent Capital Management, and Acima Credit LLC for Failure to Comply with Fed. R. Civ. P. 36. ECF No. 17. Defendants LVNV and RAC responded.

---

[1] On November 29, 2021, the Court entered a stipulated order dismissing the cause of action against Defendant Green Dot Corporation with prejudice. ECF No. 23.
[2] RAC removed the case on September 21, 2021 without seeking consent of the other Defendants on information and belief that they had not yet been served. ECF No.1, PageID.3 (citing 28 U.S.C. § 1446(b)(2)(A)). However, LVNV separately removed the case on September 22, 2021, also on information and belief that none of the other Defendants had been served. 21-cv-12234-GAD-CI, ECF No. 1, PageID.2. The Court thus consolidated the cases under the initial case number. ECF No. 21.

2

ECF Nos. 19, 20. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of these matters. Therefore, the Court will resolve the Motions on the briefs. *See* E.D. Mich. LR 7.1(f)(2).

For the following reasons, RAC's Motion to Dismiss Complaint and Compel Arbitration (ECF No. 12) is **GRANTED,** Plaintiff's Motion to Deem Facts as Admitted (ECF No. 17) is **DENIED AS MOOT** with respect to Green Dot Corporation and RAC., and Plaintiff's Motion to Deem Facts as Admitted (ECF No. 17) is **DENIED** with respect LVNV.

## II.   MOTION TO DISMISS AND COMPEL ARBITRATION

### A. Factual & Procedural Background

#### 1. Factual Background

Defendant RAC is a rent-to-own business. ECF No. 12-1, PageID.136. On July 4, 2020, Plaintiff applied for and entered into a Rental-Purchase Agreement with RAC (the "Consumer Contract") whereby RAC leased bedroom furniture to Plaintiff. *Id.*; *see also* ECF No. 12, PageID.108. The Consumer Contract incorporates an arbitration agreement that Plaintiff needed to sign as a condition of the Consumer Contract. ECF No. 12-1, PageID.139. However, both the Consumer Contract and the Arbitration Agreement allowed Plaintiff to reject the Arbitration Agreement by sending written notice via certified mail within fifteen days of

executing the Arbitration Agreement. *Id.* at PageID.141. The Arbitration Agreement states that, "Except as otherwise provided . . ., [Plaintiff] and RAC hereby agree that, in the event of any dispute or claim between us, either [Plaintiff] or RAC may elect to have that dispute or claim resolved by binding arbitration on an individual basis . . . ." *Id.* at PageID.141. It further provides that RAC engages in interstate commerce, so the Federal Arbitration Act ("FAA") governs the Agreement. *Id.* at PageID.144.

Plaintiff executed the Arbitration Agreement on July 4, 2020. *Id.* at PageID.145. RAC has no record of written rejection of the Arbitration Agreement from Plaintiff. *Id.* at PageID.137. Plaintiff's account with RAC was closed on December 2, 2020 when he returned the bedroom furniture without making any payments. *Id*.

### 2. Procedural Background

On October 8, 2021, RAC filed a Motion to Dismiss Plaintiff's Complaint and to Compel Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* ("FAA"). ECF No. 12. It argues that Plaintiff's claims arise from his allegation that the Consumer Contract he entered into with RAC was never in default, but RAC nevertheless reported it as such to credit reporting agencies. *Id.* at PageID.118. RAC further asserts that Plaintiff's claims are covered by the Arbitration Agreement

4

incorporated into the Consumer Contract, so, because RAC elects to have the dispute resolved via arbitration, his Complaint should be dismissed, and the Parties should be compelled to arbitrate. *Id.* at PageID.120-21.

Specifically, RAC avers that Plaintiff has conceded the existence of the Consumer Contract, and thus the Arbitration Agreement incorporated therein, by basing his claims on his account with RAC. *Id.* at PageID.123 (citing ECF No. 1-1, PageID.16-17). RAC also submitted a declaration from its Custodian of Records attesting to the executed Consumer Contract and Arbitration Agreement, ECF No. 12-1, PageID.136, as well as copies of both, *id.* at PageID.139, PageID.141-45.

### B. Law & Analysis

#### 1. Legal Standard

The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

> The Act provides two routes by which a party may invoke arbitration. 9 U.S.C. §§ 3–4. Section 3 addresses motions arising in a case like this one in which a *defendant* seeks arbitration of "any issue" pending in an *existing* federal suit. *Id.* § 3. If a court is "satisfied that the issue involved in such suit . . . is referable to arbitration under" a written agreement, § 3 says, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in

5

accordance with the terms of the agreement[.]" *Id.* *Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 836 (6th Cir. 2021) (emphasis in original).

A court in the Sixth Circuit employs a four-factor test to determine whether arbitration should be compelled:

> first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Fazio v. Lehman Bros.*, 340 F.3d 386, 392 (6th Cir. 2003) (quoting *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir.2000)). However, if all claims are subject to arbitration, the litigation may be dismissed rather than stayed. *See Anderson v. Charter Commc'ns, Inc.*, 860 F. App'x 374, 380 (6th Cir. 2021) (recognizing that several circuit courts, including the Sixth Circuit via unpublished opinions, "have adopted a judicially-created exception to § 3's stay requirement, one that gives district courts discretion to dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration") (internal quotation marks omitted).

6

**2. Discussion**

As a threshold matter, Plaintiff has waived opposition to RAC's Motion to Dismiss. The Motion was filed on October 8, 2021. Under this Court's regular briefing schedule, Plaintiff should have filed his response by October 25, 2021. This deadline came and went. Instead of contesting the Motion to Dismiss, Plaintiff filed a Motion to Deem Facts Admitted, arguing none of the Defendants have responded to his discovery requests. *See* ECF No. 17. Because Plaintiff is *pro se*, the Court graciously extended his time to respond to the Motion to Dismiss until November 22, 2021. ECF No. 18. Again, Plaintiff failed to oppose RAC's Motion. Notably, Plaintiff indicated in his Motion to Deem Facts Admitted that he has access to PACER, and thus the electronic docket for this case. ECF No. 17, PageID.178. Regardless, because Plaintiff is *pro se*, the Court has dutifully mailed each of its orders and notices to the address he has on file and has no reason to believe he is unaware of the Motion or missed deadlines. Due to delays caused by the COVID-19 pandemic, it has been almost a year since RAC's Motion was originally filed.

Despite that lengthy amount of time, Plaintiff has yet to formally respond to the RAC's Motion to Dismiss. Nor did his Motion to Deem Facts Admitted address

7

RAC's assertion that this dispute is subject to the Arbitration Agreement.³ Accordingly, the Court finds Plaintiff has waived his opposition to RAC's Motion to Dismiss. *Humphrey v. U.S. Attorney General's Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived."); *Scott v. State of Tenn.*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.").

Even on the merits, RAC has demonstrated that the Court should compel arbitration under the *Stout* test. First, there is no dispute that the parties agreed to arbitrate. RAC submitted a copy of the executed Arbitration Agreement and has stated it did not receive notice of Plaintiff's intent to opt out. Moreover, Plaintiff has never decried the Agreement's existence or enforceability. Indeed, his claims are based upon the Consumer Contract into which the Arbitration Agreement is incorporated.

---

³ Request No. 10 asks if Defendants "admit that [they] do not have an original Contract in [their] possession with the Plaintiff[']s Signature on it." ECF No. 1-1, PageID.36. RAC attached copies of both the executed Consumer Contract and the Arbitration Agreement to its Motion to Dismiss, so Plaintiff's assertion that this fact must be admitted due to their failure to respond to his discovery requests is moot.

8

Second, Plaintiff's claims fall within the scope of the Arbitration Agreement.

> [W]here the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (second alteration in original) (internal quotation marks omitted). The presumption is "particularly applicable where the clause is broad . . . ." *Id.* In such cases, "[i]n the absence of any express provision excluding a particular grievance from arbitration, . . . only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." *Id.* (second alteration in original) (internal quotation marks omitted).

Here, the Agreement provides for the arbitration of, *inter alia*,

- claims arising under, arising out of, or relating in any way to any Consumer Contract entered into between [Plaintiff] and RAC at any time, and/or any services rendered under or that relate to any such Consumer Contract;

. . .

- claims that arise after the termination of any Consumer Contract between [Plaintiff] and RAC;

. . .

- claims that are based on any legal theory whatsoever, including negligence, breach of contract, tort, fraud, misrepresentation, trespass, the common law, or any statute, regulation or ordinance . . . .

9

ECF No. 12-1, PageID.141. The Arbitration Agreement is broad, and Plaintiff cannot rebut the presumption that his claims are arbitrable. Plaintiff's claims arise from the Consumer Contract and thus fall within the scope of the Agreement.

Third, Plaintiff's statutory claims against RAC can be arbitrated. The burden was on Plaintiff "to show that Congress intended to preclude a waiver of a judicial forum for [FCRA and FCBA] claims." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) ("It is by now clear that statutory claims may be the subject of an arbitration, enforceable pursuant to the FAA."). As discussed *supra*, Plaintiff has failed to do so. Even if he had attempted to argue FCRA and FCBA claims are non-arbitrable, such assertions would be unavailing. Such a contention would "overlook[] the reality that courts across the country have enforced arbitration clauses in connection with claims brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. *Wold v. Dell Fin. Servs., L.P.*, 598 F. Supp. 2d 984, 988–89 (D. Minn. 2009). Indeed, RAC details several cases in which district courts compelled arbitration of FCRA claims. ECF No. 12, PageID.130-31 (collecting cases). This Court has likewise found several examples of district courts compelling arbitration of FCBA claims. *See, e.g.*, *Battels v. Sears Nat. Bank*, 365 F. Supp. 2d 1205, 1217 (M.D. Ala. 2005). Upon review of these cases, the Court concludes Congress did not intend FCRA or FCBA claims to be non-arbitrable.

Finally, the Court concludes that all the claims against RAC can be arbitrated. As such, the Court will dismiss the cause of action with respect to RAC. *See Anderson*, 860 F. App'x at 380. "[S]taying the action" with respect to RAC "will serve no purpose when the court has found all of the plaintiff's claims" against this Defendant "to be arbitrable." *Id*. *See also Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009).

### III. MOTION TO DEEM FACTS AS ADMITTED

Plaintiff served Defendants RAC, LVNV, and Green Dot with discovery requests and interrogatories on August 31, 2021, ECF No. 17, PageID.178, the day after he initiated his case in Wayne County Circuit Court and well before this matter was removed to federal court.[4] He argues that Defendants had 42 days to respond according to the Michigan Court Rules and Federal Rules of Civil Procedure,[5] but they failed to answer within that timeframe. *Id*. Plaintiff claims he attempted to resolve the matter informally with the Defendants but was unsuccessful. *Id.* at PageID.178-79. Thus, referencing Rule 36(a)(3), Plaintiff moves the Court to deem each of the facts in his discovery requests "conclusively established for the remainder of this case, including for the purposes of any motion for summary

---

[4] As discussed *supra*, Green Dot Corporation has since been dismissed from the case.
[5] Hereinafter, all references to a "Rule" are to the Federal Rules of Civil Procedure.

11

judgment filed by the Plaintiff, or for [e]videntiary [p]urposes at trial." *Id.* at PageID.180. He also requests $1,000.00 in sanctions. *Id*.

Defendants LVNV and RAC contend that once an action has been removed, it is governed by federal procedure. ECF No. 19, PageID.185 (citing Fed. R. Civ. P. 81(c)); ECF No. 20, PageID.192 (same). Moreover, pursuant to Rule 26(d), Plaintiff was not permitted to seek discovery until after the parties had conferred about a discovery plan as directed by Rule 26(f). ECF No. 19, PageID.186; ECF No. 20, PageID.193. Because the parties have not yet had their Rule 26(f) conference, Defendants assert that Plaintiff's discovery requests, which were attached to his state court complaint, became a legal nullity upon the case's removal to federal court. ECF No. 19, PageID.186-87; ECF No. 20, PageID.193-95. They also maintain that Plaintiff's Motion should be denied because he did not seek concurrence prior to filing it, in violation of E.D. Mich. LR 7.1(a). ECF No. 19, PageID.87; ECF No. 20, PageID.192 .2. Plaintiff did not reply to Defendant's responses.

Upon review of the parties' submissions, the Court agrees with Defendants that Plaintiff's Motion is improper because the parties have not yet had their Rule 26(f) conference. Fed. R. Civ. P 26(d)(1) (providing that a "party may not seek discovery from any source before the parties have conferred as required by Rule

12

26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order"). This matter does not fall into one of the exempted categories of cases that may proceed with discovery without a Rule 26(f) conference, and Plaintiff did not seek this Court's permission to do so. Therefore, Plaintiff's discovery requests became null upon this matter's removal to federal court. *See Jennings v. City of Lafollette*, No. 3:09-CV-72, 2010 WL 4704462, at *1 (E.D. Tenn. Aug. 24, 2010) (treating "outstanding discovery requests as void and denying motion to deem requests for admissions as admitted because "since the time of removal discovery in this matter has been prohibited pending a Rule 26(f) conference").

Accordingly, the Court will deny Plaintiff's Motion.

### IV. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that:

- Rent-A-Center East, Inc.'s Motion to Dismiss Complaint and Compel Arbitration (ECF No. 12) is **GRANTED**. This cause of action is **DISMISSED** with respect to Rent-A-Center East, Inc. (erroneously sued as "Rent-A-Center, Inc." and "Acima Credit LLC"), and Plaintiff

is **COMPELLED** to arbitrate his claims against Rent-A-Center East, Inc.

- Plaintiff's Motion to Deem Facts as Admitted (ECF No. 17) is **DENIED AS MOOT** with respect to Green Dot Corporation and Rent-A-Center East, Inc.

- Plaintiff's Motion to Deem Facts as Admitted (ECF No. 17) is **DENIED** with respect LVNV Funding LLC (erroneously sued as LVNV Funding AKA Resurgent Capital Management).

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  September 23, 2022

14

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 23, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager